UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **MICHAEL EUGENE PEEL,** | **ACTION NO. 5:15-CV-8-KKC** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **MICHAEL WOODS,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

Plaintiff Michael Eugene Peel is an inmate confined by the Bureau of Prisons ("BOP") under the supervision of the Residential Reentry Management Field Office located in Nashville, Tennessee.[1] Peel is physically confined in a half-way house facility operated by Dismas Charities, Inc. ("Dismas"), located at 909 Georgetown Street, Lexington, Kentucky 40511.[2] Proceeding without counsel, Peel has filed a submission entitled "Motion to be Heard" [R. 1], which the Clerk of the Court has administratively docketed as a civil rights complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). By separate Order, Peel has been granted *in forma pauperis* status. [R. 5] The Court has conducted a preliminary review of Peel's complaint because he asserts claims against government officials and because he has been granted pauper status, 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and because Peel is proceeding without counsel, the Court liberally construes his claims and accepts his

---

[1]   *See* http://www.bop.gov/inmateloc/ (last visited on March 13, 2015, as to Michael Eugene Peel, BOP Register No. 15645-032).

[2]   Dismas is a nonprofit corporation that owns and operates eighteen community correction centers ("CCCs"), also known as half-way houses, in several states. The majority of Dismas facilities house only federal inmates, and "… provide an alternative to traditional incarceration and attempt to facilitate the successful transition of prisoners back into society." *Dismas Charities, Inc. v. U.S. Dept. of Justice*, 401 F.3d 666, 668 (6th Cir. 2005).

factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)

As explained below, however, the Court determines that it must dismiss Peel's construed *Bivens* claims alleging the denial of his right to freedom of speech and/or his right of access to the courts, the denial of his right to due process of law, the improper confiscation of his personal property, and retaliation, *without* prejudice to his right to file another action if he wishes to seek any type of specific relief from the defendants. The Court will also dismiss *with* prejudice other claims which Peel has asserted.

## ALLEGATIONS OF THE COMPLAINT

In his construed *Bivens* complaint, Peel asserts constitutional claims against various Dismas employees and complains about the conditions of his confinement in the Dismas facility. Peel states on December 22, 2014, Dismas employee Michael Woods, whom Peel identifies as a "monitor," searched his room and confiscated and three drawings that he had created, which Peel describes as artwork. [R. 1, p. 1] Peel alleges that Woods confiscates his drawings because he (Woods) considered it to be "pornographic in nature." [*Id.*] Peel states that he was then sent to the Dismas office where Defendants Tara Davis and Marita Woods allegedly told him that his drawings were pornography, not art. Peel claims that when he requested a BP-10 grievance form, Davis allegedly told him that "there would be no tit for tat write ups." [*Id.*, p. 2] Peel states that Woods, Davis, and Dunn, work for Defendant Sheryl Fisher, and that Fisher allegedly was "over these decisions." [*Id.*].

Peel alleges that when he continued to complain about the confiscation of his artwork, he was threatened with expulsion from Dismas and placement in "jail." [*Id.*, at p. 4] Peel contends that Fisher and Woods are "out to get" him, *id.*, p. 5]; that he has been

denied his right to enroll in college; and that he has been denied an opportunity to take a job that pays $10 an hour, six days a week. [*Id.*] Peel also complains that Woods has verbally harassed him and that someone identified as "Ms. Parker" has slammed a door in front of him, causing a cleaning supply cart to fall on him. [*Id.*].

Peel further claims that all of the inmates residing in the Dismas facility "live in fear due to the threats and repeated write-ups by Michael Woods, Tara Davis, and Sheryl Fisher. We are talk [sic] to like dogs and treated as such." [*Id.* p. 4; *see also*, p. 6 (stating, "My family and I have been talked to like dogs by Ms. Parker and Mr. Woods and my family doesn't even want to come visit.")] Peel alleges that "people here" are being refused medical treatment even after a doctor stated that another Dismas resident needed to go to the "trauma ward to get surgery…." [*Id.*, p. 5]

Peel claims that the confiscation of his drawings violated his right to freedom of speech guaranteed under the First Amendment of the U.S. Constitution; that the defendants have retaliated against him because he has filed write-ups complaining about them, thus violating his right to freedom of speech and/or right of access to the courts guaranteed under the First Amendment of the U.S. Constitution; and that the alleged denial of the requested BP-10 grievance form violated his right to due process of his guaranteed under the Sixth Amendment of the U.S. Constitution.[3]

At the beginning of his filing, Peel states asks the Court "…to please hear and enter my case." [R. 1, p. 1] At the end, he states, "I am begging the Court to help with this. I fear retaliation which will stop me from getting my life straight. All I want is a job a home and my family. The Courts have taught me a lesson I'm cured." [*Id.* p. 6]

---

[3] A claim that a federal official has denied someone's right to due process of law would fall under the *Fifth* Amendment of the U.S. Constitution, not the Sixth Amendment, which guarantees a criminal defendant the right to trial by jury and other rights associated with a criminal prosecution.

3

## DISCUSSION

Peel fails to inform the Court what relief he seeks as result of filing this action. Peel recites alleged wrongdoing by the defendants, but because he seeks neither monetary damages nor injunctive relief, it is impossible for this action to proceed. Peel broadly alleges that the defendants have violated his various constitutional rights, and that he fears retaliation from them, but he seeks no specific relief in conjunction with those allegations. Peel states that he wants a job, a home, and a family, all of which are general and laudable goals, but they are not outcomes which can be achieved through this construed *Bivens* civil rights action. Peel's submission is essentially a therapeutic out-pouring, as opposed to a *bona-fide* civil rights complaint seeking some type of specific legal or equitable relief. Thus, the Court must dismiss this action without prejudice.

While *pro se* litigants are to be held to less stringent standards than trained lawyers, and while a *pro se* complaint is to be given generous construction, "the principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). In discussing the most basic requirement of *pro se* complaints, the Beaudett court opined as follows:

> *Gordon* [*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District Judges are not mind readers.

*Beaudett*, at 1278.

Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain "a demand for judgment for the relief the pleader seeks." *Id. In Gill v. Tillman*, No. 99-0648-BH-L, 2001 WL 395051 (S.D. Ala. Mar. 28, 2001), the *pro se* plaintiff's requested relief in his

4

complaint was: "Relief to be determined as the case proceeds." *Id.*, at *2. The district court concluded that the relief requested failed to constitute a demand for judgment in compliance with Fed. R. Civ. P. 8(a)(3) and that, consequently, the plaintiff's complaint failed to state a claim upon which relief could be granted. *Tillman* relied on *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993). In finding that the plaintiff's central complaint was deficient and violated Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment, the court stated: "[Rule 8(a)(3)'s] requirement is not arduous – any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." (quoting 5 Charles A. Wright & Arthur Miller, *Federal Practice* § 1255 at 366 (2d ed. 1990). *Goldsmith*, at 1161.

This Court and its sister court in the Western District of Kentucky have concluded that a plaintiff's failure to demand any form of relief justifies dismissal without prejudice. *See Sims v. Campbell Co. Detention Center*, No. 2:15-CV-3-WOB (E. D. Ky. Jan. 9, 2015) [R. 2, p. 1, therein] (dismissing construed *pro se* prisoner civil rights action without prejudice and noting, "Sims does not request any form of relief, nor does his letter indicate that he wishes to file suit, but instead asks only if there is anything the Court can do to help him."); *Hopson v. Cunningham*, No. 3:13-CV-226-H, 2013 WL 3790908, at 83 (W.D. Ky. July 19, 2013) ("Additionally, under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff requested no relief in his complaint and, thus, fails to comply with the federal rules."); *Larson v. Love*, No. 3:07CV-P610-H, 2009 WL 367733 (W. D. Ky. Feb. 12, 2009) (noting that dismissal was warranted because among other things, the plaintiff "…fails to request any specific relief with respect to any of his claims."); *Ward*

5

*v. Harris*, No. 6:07-CV-388-DCR, 2007 WL 4571074 (E.D. Ky., Dec. 26, 2007) [R. 9, therein (dismissing *pro se* prisoner civil rights action without prejudice because the plaintiff failed to specify any form of relief)].[4]

As the Michigan district court noted in *Fairlane Car Wash, Inc. v. Knight Enterprises, Inc.*, No. 07-10165, 2009 WL 928725, at *2 (E.D. Mich. Mar. 31, 2009), "A party must therefore state the type of relief the party seeks so as to give adequate notice to the opposing party. *See* Fed. R. Civ. P. 8(a)(a)." The *Fairlane* court cited *Niecko v. Emro Marketing Co.*, 769 F. Supp. 973 (E.D. Mich.1991), which held that a complaint must provide adequate notice that a party is seeking equitable relief. *Id.*, at 991. In *Niecko*, the court found the plaintiff's general request for declaratory and injunctive relief too vague and ambiguous to pass muster under Rule 8(a)(3), stating:

> However, in this Court's view, FED. R. CIV. P. 8(a)(3)… requires something more in the way of specificity when the Plaintiff seeks declaratory and injunctive relief. The purpose of Rule 8(a)(3) is to provide the defendant with adequate notice of what relief is sought. *Bartz v. Carter*, 709 F. Supp. 827, 829 (N.D. Ill. 1989). The general request for relief in the First Amended Complaint fails to provide adequate notice of what sort of declaratory and equitable relief the Plaintiffs seek from Emro. Even the "Plaintiffs' Claims" section of the parties' proposed Joint Final Pretrial Order fails to specify more than that the "Plaintiffs have requested injunctive relief against Defendant pursuant to the Michigan Environmental Protection Act...."

*Niecko*, 769 F. Supp. 2d, at 991.

Applying that rationale to Peel's case, the construed complaint fails to state the type of relief, whether equitable or otherwise, which Peel is seeking, "so as to give adequate notice to the opposing parties." *Fairlane*, 2009 WL 928725, at *2

---

[4] Older decisions also reached the same result. *See*, *e.g.*, *Player v. Phoenix*, No. 92 Civ. 401 (CSH) 1992 WL 350780 at *1 (S.D. N.Y. Nov. 13, 1992) (unpublished) (action dismissed *sua sponte* for failure to state claim due to the lack of demand for judgment in the amended complaint); *Dupree v. Lubbock County Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992) (action dismissed *sua sponte* for failure to state a claim because no demand for judgment set forth in the complaint).

Even analyzing Peel's claim under a more lenient approach, dismissal without prejudice is still the proper result. Federal Rule of Civil Procedure Rule 8(f) mandates that "[p]leadings must be construed so as to do justice." "If a pleading provides a defendant notice of the plaintiff's claims and the grounds for the claims, omissions in a prayer for relief do not bar redress of meritorious claims." *Pension Ben. Guar. Corp. v. E. Dayton Tool & Die Co.*, 14 F.3d 1122, 1127 (6th Cir. 1994). However, "[c]ourts will not conjure up a damages claim where none exists." *Youngstown Publ'g Co. v. McKelvey*, 189 F. App'x 402, 407 (6th Cir. 2006)  Broadly assuming that Peel seeks some type of unspecified injunctive and/or declaratory relief based on his constitutional claims, the Supreme Court has held that a plaintiff's standing to seek injunctive or declaratory relief depends on the likelihood of future harm, *Hange v. City of Mansfield*, 257 F. App'x 887, 891 (6th Cir. 2007), and a mere "allegation of past injury is not sufficient to confer standing for declaratory or injunctive relief." *Cohn v. Brown*, 161 F. App'x 450, 455 (6th Cir. 2005)

Here, Peel's complains of only *past* injuries and alleged constitutional violations, not *future* injuries or *future* constitutional violations. Given that fact, the Court finds no basis for ordering any type of construed declaratory judgment and/or injunctive relief. Such a result was reached in *Smith v. Robbins & Meyers, Inc.*, No. 3:12-CV-281, 2014 WL 4705905 (S.D. Ohio Sept. 22, 2014), wherein the district court broadly construed a claim for injunctive relief, but denied the claim because the plaintiff alleged only past injuries, and thus "…lacked standing to pursue injunctive or declaratory relief for his purely retrospective injury." *Id*. at \*\*7-8.  *See also Smith v. City of Cincinnati*, No. 1:12-CV-648, 2013 WL 571842 (S.D. Ohio Feb. 13, 2013) (denying injunctive relief where "… it remains unclear what specific relief plaintiffs seek and whether this Court has the authority to

7

provide it," and because "…plaintiffs' motion fails to provide any basis in law or fact for the Court to issue the injunctions requested….")

Thus, Peel's First and Fifth Amendment claims alleging the denial of his right to freedom of speech, the denial of his right to due process of law, the improper confiscation of personal property, and retaliation, will be without prejudice to his right to file another action if he wishes to seek any type of specific relief from the defendants.

Peel next alleges that the defendants verbally harassed him, or used a demeaning tone when addressing him, which the Court construes as a claim under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. On this issue, however, Peel states no constitutional claim, because verbal harassment does not constitute cruel and unusual punishment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *see also Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987). Further, to the extent that Peel complains that other Dismiss residents have been denied medical care, and/or that the defendants have violated the constitutional rights of other Dismas residents, he states no claim, because a prisoner can only assert his constitutional claims, not the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990); *Connection Dist. Co. v. Holder*, 557 F.3d 321, 345 (6th Cir. 2009) (plaintiff has standing only to assert his rights, not the rights of others); *Mitchell v. Clayton*, No. 2:13-CV-11620, 2015 WL 71784, at *1 (E.D. Mich. Jan. 6, 2015) (same). These claims will be dismissed *with* prejudice for failure to state a claim upon which relief can be granted.

Finally, if Peel wishes to assert a claim for the value of his confiscated personal property (his drawings), he must proceed under 28 U.S.C. §§ 1346(b), 2671-2680, the Federal Tort claims Act, or under 31 U.S.C. § 3723(a)(1), under which federal agencies have

authority to settle certain "claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." *Id*. Should Peel opt to proceed under the FTCA, he must first exhaust his administrative remedies by filing an administrative claim before filing suit in federal court.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff Michael Eugene Peel's construed 28 U.S.C. § 1331 civil rights complaint alleging the improper confiscation of his personal property; the alleged denial of his freedom of speech, the alleged denial of his right of access to the courts, and retaliation, in violation of the First Amendment of the U.S. Constitution, and the alleged denial of his right to due process of law in violation of the Fifth Amendment of the U.S. Constitution, are **DISMISSED WITHOUT PREJUDICE**.

(2) Peel's claims alleging that the defendants verbally harassed him in violation of his Eighth Amendment of the U.S. Constitution, and/or that that they violated the constitutional rights of other Dismiss residents, are **DISMISSED WITH PREJUDICE**.

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This March 17, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY